NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PACKET INTELLIGENCE LLC,**
*Appellant*

**v.**

**JUNIPER NETWORKS, INC., PALO ALTO NETWORKS, INC.,**
*Cross-Appellants*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2022-1398, 2022-1400, 2022-1401, 2022-1403, 2022-1404, 2022-1405, 2022-1406

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2020-00336, IPR2020-00337, IPR2020-00338, IPR2020-00339, IPR2020-00486.

---

Decided: May 2, 2024

---

2     PACKET INTELLIGENCE LLC v. JUNIPER NETWORKS, INC.

ROBERT ALLAN BULLWINKEL, Heim Payne & Chorush LLP, Houston, TX, argued for appellant. Also represented by CHRISTOPHER MICHAEL FIRST, MICHAEL F. HEIM.

R. WILLIAM SIGLER, Fisch Sigler, LLP, Washington, DC, argued for cross-appellant Juniper Networks, Inc. Also represented by ALAN M. FISCH, JEFFREY MATTHEW SALTMAN.

DOUGLAS HALLWARD-DRIEMEIER, Ropes & Gray LLP, Washington, DC, argued for cross-appellant Palo Alto Networks, Inc. Also represented by JAMES RICHARD BATCHELDER, ANDREW T. RADSCH, East Palo Alto, CA.

OMAR FAROOQ AMIN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by PETER J. AYERS, ROBERT MCBRIDE, FARHEENA YASMEEN RASHEED.

_____

Before LOURIE, HUGHES, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

Packet Intelligence LLC ("Packet") appeals the final written decisions of the Patent Trial and Appeal Board ("Board") in *inter partes* review ("IPR") proceedings finding certain claims of its U.S. Patent Nos. 6,665,725 ("'725 patent"), 6,771,646 ("'646 patent"), 6,839,751 ("'751 patent"), and 6,954,789 ("'789 patent") are unpatentable as obvious.[1]

_____

[1] Specifically, in IPR2020-00336, the Board found claims 10, 12, 13, 16, and 17 of the '725 patent unpatentable. *See Juniper Networks, Inc. v. Packet Intel. LLC*, IPR2020-00336, 2021 Pat. App. LEXIS 5456, at *3 (P.T.A.B. Sept. 9, 2021). In IPR2020-00337, the Board found claims 1, 2, 7, 16, and 18 of the '646 patent unpatentable and claim 3 of the '646 patent not unpatentable. *See*

Juniper Networks, Inc. and Palo Alto Networks, Inc., (collectively, "Juniper") cross-appeal the Board's final written decisions finding claim 3 of the '646 patent and claim 34 of the '789 patent are not unpatentable as obvious. We affirm in all respects.[2]

Regarding Packet's appeals, on de novo review we agree with the Board that the correct construction of "conversational flow" in all challenged claims across all patents is a "sequence of packets that are exchanged in any direction as a result of an activity."[3] *E.g.*, J.A. 22. The intrinsic

---

*Juniper Networks, Inc. v. Packet Intel. LLC*, IPR2020-00337, 2021 Pat. App. LEXIS 5517, at *1-2 (P.T.A.B. Sept. 8, 2021). In IPR2020-00338, the Board found claims 1, 2, 5, 10, 14, 15, and 17 of the '751 patent unpatentable. *See Juniper Networks, Inc. v. Packet Intel. LLC*, IPR2020-00338, 2021 Pat. App. LEXIS 5520, at *1 (P.T.A.B. Sept. 8, 2021). In IPR2020-00339, the Board found claims 1, 2, 13-17, 19, 20, 42, 44, 48, and 49 of the '789 patent unpatentable. *See Juniper Networks, Inc. v. Packet Intel. LLC*, IPR2020-00339, 2021 Pat. App. LEXIS 5525, at *1-2 (P.T.A.B. Sept. 8, 2021). In IPR2020-00486, the Board found claims 31 and 33 of the '789 patent unpatentable and claim 34 of that same patent not unpatentable. *See Juniper Networks, Inc. v. Packet Intel. LLC*, IPR2020-00486, 2021 Pat. App. LEXIS 5468, at *1 (P.T.A.B. Sept. 9, 2021).

[2]    The Board had jurisdiction pursuant to 35 U.S.C. § 316(c). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. §§ 141(c), 319.

[3]    *See Kamstrup A/S v. Axioma Metering UAB*, 43 F.4th 1374, 1381 (Fed. Cir. 2022) ("We review the Board's claim constructions de novo and review any underlying factual determinations for substantial evidence.").

4        PACKET INTELLIGENCE LLC v. JUNIPER NETWORKS, INC.

evidence on which Packet would have us base a narrower construction – including statements following "for instance" and "some" in the specification – is exemplary and not definitional. J.A. 1318 at 2:39-45. These statements do not justify limiting the scope of the "conversational flow" to specific network endpoints or a specific client or user.

Based on the correct construction, substantial evidence supports the Board's finding that prior art U.S. Patent No. 6,412,000 ("Riddle") discloses the claimed "conversational flow."[4] Exchanging packets "in any direction," as permitted under the Board's construction, means that the challenged claims encompass bidirectional packet flows as well as unidirectional flows (in any direction). It is undisputed that Riddle discloses unidirectional flows. Additionally, the Board found that Riddle discloses bidirectional packet flows as well, *see, e.g.*, J.A. 39, and this finding is supported by substantial evidence, *see, e.g.*, J.A. 1910 at 13:54-59 (Riddle disclosing "flow that is used to exchange commands and responses").

Substantial evidence also supports the Board's finding that Riddle discloses the claimed state-based analysis of "conversational flow." During the IPR proceedings, Packet contended that "Riddle relates to classifying traffic based on an individual packet in the flow, rather than on a state of the flow (i.e., evaluation across multiple packets)." J.A. 17353 (internal emphasis omitted). Relying on expert testimony and prior art disclosures, the Board found, however, that Riddle discloses classifying service aggregates based on a plurality of indicators across multiple packets. *See, e.g.*, J.A. 1909 at 12:53-57 (Riddle disclosing

---

[4]    *See Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1378 (Fed. Cir. 2023) ("What the prior art discloses and whether a person of ordinary skill would have been motivated to combine prior art references are both fact questions that we review for substantial evidence.").

suppressing duplicate packets "in favor of keeping a count of the duplicates and a most recent time traffic with these identifying characteristics [that] was encountered"); J.A. 1554 ¶ 357 (Dr. Weissman testifying that "with flows involving FTP applications, Riddle teaches performing state operations to determine if the flow belongs to a service aggregate"). This is sufficient to allow us to affirm the Board's findings.

Turning to Juniper's cross-appeals, substantial evidence supports the Board's finding that Juniper failed to show that prior art U.S. Patent No. 5,740,175 ("Wakeman") discloses an associative cache.[5] Regardless, even assuming Wakeman discloses an associative cache, the Board's finding that a person of ordinary skill in the art would not have been motivated to implement Wakeman's content addressable memory ("CAM") cache as an associative cache is supported by substantial evidence. *See, e.g.*, J.A. 17678-79 ¶¶ 89-90 (Ms. Quigley testifying "associative caches are not an obvious solution to all caching needs – they tend to be reserved for situations where the need for flexibility and performance exceeds the need for cost efficiency. . . . Wakeman's focus on balancing cost and performance would not lead a POSITA to select an associative cache").

---

[5]     Juniper directs our attention to a statement in U.S. Provisional Application No. 60/141,903, which was incorporated by reference in the '646 and '789 patents, explaining that "CAM is the same as associative storage." J.A. 2680. Juniper did not present this contention to the Board, so we do not consider it. *See Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*, 949 F.3d 1360, 1364 (Fed. Cir. 2020).

We have considered the parties' remaining arguments and find them unpersuasive.[6] Thus, for the foregoing reasons, we affirm the Board's final written decisions.

**AFFIRMED**

COSTS

No costs.

---

[6] Packet argues that former Commissioner Hirshfeld lacked authority to rule on its requests for Director review. We have rejected this argument in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328, 1335 (Fed. Cir. 2022), and must do so again here.